# In the United States Court of Federal Claims

No. 11-130 C
(Filed July 18, 2014)

| | |
|---|---|
| RETURN MAIL, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

On February 28, 2011, plaintiff filed its Complaint in this suit seeking reasonable and entire compensation under 28 U.S.C. § 1498(a) for the alleged unauthorized use and manufacture by or for the United States Postal Service (USPS) of certain methods and systems for providing address change services which are asserted to infringe claims 39 through 44 of plaintiff's U. S. Patent Number 6,826,548 (the '548 Patent).

Proceedings in this litigation have progressed through a claim construction opinion issued October 4, 2013, and a schedule for further proceedings leading to a trial commencing on June 8, 2015. Docs. 54, 58.

On April 15, 2014, the USPS filed a petition with the Patent Trial and Appeal Board (PTAB) for post-grant review of the '548 Patent under Section 18 of the America Invents Act (AIA), Pub. L. No. 112-29, 125 Stat. 284, 329-31 (2011). Doc. 60, Ex. A.[1]

---

[1] The initial paragraph of the USPS Petition reads as follows:

Under 35 U.S.C. § 321, § 18 of the Leahy-Smith America Invents Act (AIA), and 37 C.F.R. § 4.300, the United States Postal Service (Petitioner or USPS) requests covered business method patent post-grant review of claims 39-44 of U.S. Patent No. 6,826,548 (the '548 patent, attached as Exhibit 1001), issued to Ralph Mitchell Hungerpiller and Ronald C. Cagle on November 30, 2004, as amended by *Ex parte* Reexamination Certificate No. 7964 (attached as Exhibit 1002) on January 4, 2011,

(continued...)

The patent owner has the right to file a preliminary response to the petition and the PTAB must "determine whether to institute a trial" within a maximum of six months of the filing of the petition. Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756-57 (Aug. 14, 2012), 35 U.S.C. § 323.

AIA § 18(b)(1)-(2) provides:

**(b) Request for stay.—**

   **(1) In general.**—If a party seeks a stay of a civil action alleging infringement of a patent under section 281 of title 35, United States Code, relating to a transitional proceeding for that patent, the court shall decide whether to enter a stay based on—

      **(A)** whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

      **(B)** whether discovery is complete and whether a trial date has been set;

      **(C)** whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

      **(D)** whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

   **(2) Review.**—A party may take an immediate interlocutory appeal from a district court's decision under paragraph (1). The United States Court of Appeals for the Federal Circuit shall review the district court's decision to ensure consistent application of established precedent, and such review may be de novo.

---

[1/] (...continued)
assigned on its face to Return Mail, Inc. (Patent Owner).

Also on April 15, 2014, the USPS, relying on the above-quoted AIA § 18(b)(1) as a standard, filed a motion to stay proceedings in this litigation pending post-grant review of the patent-in-suit before the PTAB. Doc. 60. Defendant, citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), bases its stay motion on "the inherent power of this Court to control its docket" noting that AIA § 18(b)(1) is expressly addressed to suits brought under 35 U.S.C. § 281, whereas the pending suit was brought under 28 U.S.C. § 1498. Doc. 60 at 4-5. Defendant asserts that, in exercising its inherent power, AIA § 18(b)(1) in effect "provides the standard by which a party may seek a stay of an action for patent infringement while a CBM [covered business method] proceeding is pending." Doc. 60 at 5.

In support of a stay, defendant addresses the four factors listed in AIA § 18(b)(1). Defendant argues that a stay will simplify the issues in question and streamline the trial assuming that the PTAB grants its petition and subsequent proceedings result in cancellation of some or all of the asserted Patent Claims 39-44. Defendant also relies on the estoppel impact of AIA § 18(a)(1)(D) to note that if the PTAB proceeding results in a written decision that a claim is valid over USPS's asserted invalidity grounds, the invalidity ground could not then be asserted by USPS in this litigation. Defendant agrees to the application of this provision. Tr. at 19 (Jul. 2, 2014).

Defendant argues that discovery in this litigation is not complete and trial is not scheduled to commence for some eleven months.

As to prejudicial and tactical advantage, defendant argues that PTAB proceedings are time-limited and a stay would not result in prejudice to plaintiff or advantage to defendant.

With respect to reducing the burden of litigation on the parties and the court, defendant argues that transferring activity to the PTAB will alleviate existing demands on the court and if the PTAB were to grant the USPS's petition and, in ensuing proceedings, invalidate all of the asserted claims of the patent-in-suit the litigation would terminate. If PTAB proceedings instead confirm the validity of claims 39 through 44 of the patent-in-suit, then USPS agrees that proceedings will not include any issue of invalidity asserted by USPS during the CBM proceeding.

Plaintiff opposes defendant's motion for a stay pending CBM review. Plaintiff argues that "[g]iven the AIA's focus on private litigation, there is no evidence that CBM Review was ever intended to include government entities." Doc. 62 at 4-5. The fact that defendant must rely on the court's inherent power to control its docket as the basis for granting a stay in this litigation is argued to support the position that defendant lacks standing to seek a CBM review.[2/]

Plaintiff argues that a stay will not simplify the issues in this litigation and that the defendant's arguments in its PTAB petition are largely duplicative of those covered in the prior *Ex Parte* Reexamination proceedings. Plaintiff notes that proceedings in this litigation have progressed to the point where discovery has commenced, a claim construction order has been issued and a trial date set. Plaintiff argues that, issuing a stay would disrupt the substantial progress and subject plaintiff to additional delay. Plaintiff considers defendant's motion for a stay to comprise a tactical move to advantage defendant and prejudice plaintiff by delaying the resolution of the litigation. Moreover, plaintiff asserts that it is unlikely that CBM review, if instituted, would resolve all issues in this litigation so that the litigation burden to the parties would not be significantly reduced.

Upon consideration of the comprehensive briefs filed by the parties and the helpful oral argument on July 2, 2014, it is concluded that a ruling on the motion to stay, pending CBM review by the PTAB, shall be deferred pending a decision by the PTAB whether to grant the USPS's pending petition. This conclusion is reached by considering the relatively advanced status of proceedings in this litigation and the ruling in *VirtualAgility, Inc. v. Salesforce.com, Inc.*, ___ F.3d ___, 2014 WL 3360806 (Fed. Cir. 2014), recognizing that it is not error for a trial court to wait until the PTAB makes its decision on instituting CBM review before ruling on a motion to stay proceedings pending CBM review. *See* 2014 WL 3360806 at *9.

---

[2/] In reply, defendant notes that "CBM reviews simply require a related case in which the petitioner has been sued for infringement of the subject patent. *See* AIA § 18(a)(1)(B); 37 C.F.R. § 42.302(a)." Doc. 63 at 6. To illustrate that the AIA related suit requirement does not exclude infringement actions in the Court of Federal Claims pursuant to 28 U.S.C. § 1498, the institution of an *Inter Partes* review trial based on a related Court of Federal Claims case is cited as follows: "*See BAE Sys. v. Cheetah Omni, LLC*, IPR2013-00175, Paper 15 (P.T.A.B. July 3, 2013) (attached as Ex. C [Doc. 63]) (related to *Cheetah Omni, LLC v. United States*, No. 11-255 C (Fed. Cl. filed April 22, 2011)."

Where, as here, an issue is raised as to standing to seek CBM review, a decision by the PTAB on the USPS's petition will be helpful and relevant with respect to resolution of the pending stay motion. Of course, if USPS's petition were not granted, the stay issue becomes moot. If the petition were to be granted, the case for a stay becomes stronger. *Id*.

In these circumstances it is **ORDERED**:

(1) Proceedings on Defendant's Motion to Stay Proceedings Pending CBM Review by the PTAB, Doc. 60, shall be suspended until the PTAB issues a decision on whether to institute the requested review; and

(2) Within 20 days following PTAB's decision, were it to initiate a CBM review with respect to asserted claims 39 through 44 of the '548 Patent, absent agreement by the parties as to the disposition of the pending motion for a stay, the parties shall file supplemental briefs, not to exceed 10 pages, relative to the impact, if any, of the PTAB's decision on the issue of a stay.

s/ James F. Merow
James F. Merow
Senior Judge